

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 14 - 2336**

---

GOD MARTOVICH GAZAROV,

        **Plaintiff,**

    -against-

EQUIFAX INFORMATION
SYSTEMS, INC.

        **Defendant.**

Docket No.

**DEARIE, J.**

**REYES, M.J**

---

The plaintiff, **GOD MARTOVICH GAZAROV** ( the "plaintiff"), by his

attorneys Fishman & Mallon, LLP, as and for his complaint against the defendant

**EQUIFAX INFORMATION SYSTEMS, INC.** ("Equifax" or the "defendant")

alleges, upon information and belief, as follows:

## INTRODUCTION

1.    This is an action for actual, statutory and punitive damages based upon

the defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et*

*seq.* ("FCRA") and the New York Fair Credit Reporting Act, N. Y. Gen. Bus. Law

("GBL") § 380-a *et seq.* ("NYFCRA") as well as for injunctive relief pursuant to the

NYFCRA.

2.    Those statutes prohibit credit reporting agencies, such as the defendant,

from, ***inter alia,*** failing and refusing to issue a credit file to a consumer upon

his/her request and requires them to employ reasonable procedures to ensure "maximum possible accuracy" when preparing a consumer report.

3.      The plaintiff alleges that the defendant has violated the FCRA and the NYFCRA by repeatedly failing to disclose the plaintiff's credit report to him because, it claims, its computer systems will not permit it to issue a report with the plaintiff's first name, "God".

4.      The plaintiff further alleges that the defendant violated the FCRA and the NYFCRA by failing to provide the plaintiff's full credit report to prospective creditors and instead only provided an empty credit report containing none of the plaintiff's legitimate credit history, causing those creditors to refuse to extend credit to the plaintiff that he would have otherwise been entitled to because the defendant's report purported to show he had no credit history.

5.      The plaintiff has worked hard to obtain credit from Capital One Bank,(USA) N.A. ("Capital One"), Discover Financial Services LLC, American Express and American Honda Finance Corp. ("Honda") and he diligently pays his bills each month in order to keep his credit score at the highest possible level. According to Experian Information Solutions, Inc. ("Experian"), one of the "Big 3" credit reporting agencies, the plaintiff's credit score is 728. Trans Union, LLC ("Trans Union"), another of the "Big 3" credit reporting agencies, reports the plaintiff's credit score as 737. At the same time, Equifax has reported the plaintiff's credit score as "9002," which is the equivalent of no credit score at all.

6.      Despite the plaintiff's efforts, he has been unable to obtain credit at more favorable terms, and has been denied credit outright, as a direct and proximate result of the defendant's failure and refusal to issue a complete and accurate credit report to his prospective and current creditors.

7.      As a result of the defendant's violations of the FCRA and the NYFCRA the plaintiff has suffered actual damage and he may recover such damage, as well statutory and punitive damages, based upon the legal and factual claims set forth herein.

## JURISDICTION AND VENUE

8.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.  The Court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 USC § 1367(a) and GBL § 380-n.

9.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b) as a location where the defendant conducts business.

## PARTIES

10.     Mr. Gazarov is an adult individual residing in the City and State of New York.  Mr. Gazarov is a naturalized citizen of the United States of America.

11.     Equifax is a foreign corporation, created in the State of Georgia, and duly authorized and qualified to do business in the State of New York.  Equifax maintains a business address at P.O. Box 4081, Atlanta, Georgia 30302.  Equifax may be served by serving its registered agent Corporation Service Company, 80 State Street Albany, NY 12207-2543.

## FACTUAL ALLEGATIONS

12.     In or about 2011 the plaintiff applied for and received a credit card account with Capital One with a credit line of $500.00.

13.     Capital One accessed and relied upon the plaintiff's credit history as provided by Experian and/or Trans Union. Thereafter, the plaintiff attempted to obtain a higher credit line from Capital One.

14.     The plaintiff's application for a larger credit line with Capital One was denied. Capital One requested the plaintiff's credit report from the defendant in or about September 2012, July 2013, September 2013 and February 2014. On each occasion, the defendant failed and refused to provide the plaintiff's full credit history to Capital One and instead reported that he had no credit history.

15.     By letter dated September 19, 2012, Capital One advised the plaintiff that it would not "approve a credit line increase [because] credit bureau information is missing or unavailable." The letter further stated that the plaintiff's credit score from the defendant was "missing or invalid" and that a "key factor that adversely affected [his] credit score was "score not available; insufficient or unknown credit history."

16.     By letter dated December 8, 2013 Capital One advised the plaintiff that his "requested credit line increase" was denied because "(W)e were unable to obtain your most recent monthly payment data from the credit reporting agency." The letter further advised that the credit score Capital One obtained from the defendant was "999" on a scale of 300-850 and that "key factors that adversely

affected (his) credit score was "score not available; insufficient or unknown credit history."

17.    Thereafter, in or about March 2013, the plaintiff applied for an automobile loan for the purchase of an Infiniti. In or about March 2013 Infiniti Financial Services ("Infiniti") requested the plaintiff's credit report from the defendant.

18.    The defendant failed and refused to provide the plaintiff's full credit history to Infiniti and instead reported that he had no credit history.

19.    The defendant was subsequently advised that his credit application to Infiniti was denied as a result of the defendant's failure and refusal to provide his complete credit file to it.

20.    In or about March 2013, the plaintiff applied for an automobile loan for the purchase of a Honda.

21.    The lender obtained the plaintiff's credit file from Trans Union and/or Experian however the defendant failed and refused to provide his complete credit file to the prospective lender.

22.    As a result of the defendant's failure and refusal to provide the plaintiff's complete credit file to the prospective lender he was charged a higher interest rate, and received less favorable credit terms for the purchase of the Honda.

23.    The plaintiff has not experienced any difficulty obtaining his credit file from either Trans Union or Experian and those credit reporting agencies have not expressed that the plaintiff's first name caused or causes any problems in maintaining or producing a credit report in his name. Both credit reporting

agencies have provided him his full credit file as well as his credit score, which is 737 and 728 respectively from such companies.

24.    At the same time, Equifax has reported the plaintiff's credit score as "9002", a number which indicates the absence of any credit history.

25.    On or about the following dates the plaintiff contacted the defendant directly and requested his credit file: April 11, 2013, August 19, 2013, December 11, 2013, February 17, 2014 and February 25, 2014.

26.    In response to each of these requests the defendant failed and refused to provide the plaintiff's complete credit file to him.

27.    As a result of the defendant's failure and refusal to provide the plaintiff with his complete credit file he has been compelled to purchase a credit monitoring service at a monthly expense to him.

28.    On or about March 4, 2014 the plaintiff obtained a "three in one" credit disclosure report from Creditreport.com providing information from Trans Union, Experian and the defendant.  The column on such report under the defendant is blank while the columns under the other two credit reporting agencies display his full credit file.

29.    In or about February, 2014 the plaintiff contacted the defendant by telephone and requested to speak with a supervisor who advised him that the defendant could not provide him with his credit file because it could not process his name as "God" and suggested that he should consider changing it.

**FIRST CAUSE OF ACTION**: Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy in Violation of 15 USC § 1681e(b)

30.    The plaintiff repeats and realleges the foregoing paragraphs as though the same were set forth at length herein.

31.    A "consumer reporting agency" is defined by the FCRA as follows:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

*See* 15 U.S.C. § 1681a(f).

32.    Equifax is a "consumer reporting agency" as defined by Section 1681a(f) of the FCRA.

33.    Section 1681n of the FCRA imposes civil liability on any consumer reporting agency "who willfully fails to comply with any requirement" of the Act. See 15 U.S.C. § 1681n(a).

34.    Section 1681o of the FCRA provides for civil liability against any CRA which negligently fails to comply with any requirement imposed under the Act.

35.    The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to *assure maximum possible accuracy* of the information concerning the individual about whom the report relates." See 15 U.S.C. § 1681e(b) (emphasis added).

36.    On numerous occasions, Equifax has prepared a "consumer report"

concerning the plaintiff in response to a credit application initiated by him.

37.    The "consumer reports" prepared by Equifax contained no credit

information or credit history about the plaintiff and instead indicated that the

plaintiff had no credit history and no credit score.

38.    Despite express knowledge that these "consumer reports" were so

dramatically incomplete as to be inaccurate and misleading, Equifax readily sold

these reports to one or more third party thereby misrepresenting the plaintiff's

credit history and score.

39.    On each such instance, Equifax willfully and/or negligently failed to follow

reasonable procedures to assure maximum possible accuracy of the consumer

reports it prepared and/or published pertaining to the plaintiff, in violation of

Section 1681e(b).

40.    Through the plaintiff's numerous communications with Equifax, both by

telephone and in writing, Equifax knew, or had sufficient reason to know, that

when it prepared and sold a consumer report about the plaintiff, the information it

circulated is so incomplete that it is inaccurate and damaging to the plaintiff.

Nevertheless, Equifax took no steps to stop painting a false and damaging

picture about the plaintiff's credit history.

41.    As a direct and proximate result of Equifax' willful and/or negligent refusal

to follow reasonable procedures to assure "maximum possible accuracy," as

specifically mandated by the FCRA, the plaintiff has suffered loss and damage

including, but not limited to, financial loss, expenditure of time and resources, mental anguish, humiliation, embarrassment and emotional distress, entitling him to an award of actual damages in amounts to be determined by the trier of fact at trial plus statutory and punitive damages, and attorneys' fees together with the costs of this action pursuant to 15 U.S.C. §§ 1681n and/or 1681o.

42.    The plaintiff remains unable to obtain credit from certain creditors that employ the defendant's credit reports because of the grossly incomplete credit file maintained by Equifax.

43.    The plaintiff's difficulties in securing new credit or more favorable terms on his current credit stems from the fact that his Equifax credit report is essentially blank and his credit score is non-existent.

**SECOND CAUSE OF ACTION**: **Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy in Violation of GBL § 380-j(e)**

44.    The plaintiff repeats and realleges the foregoing paragraphs as though the same were set forth at length herein.

45.    A "consumer reporting agency" is defined by the NYFCRA as follows:

> any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports or investigative consumer reports to third parties.

See GBL § 380-a(e).

46.    Equifax is a "consumer reporting agency" as defined by GBL § 380-a(e).

47.    GBL § 380-I provides,

Any person, firm, partnership, corporation, or association whose knowing and willful violation of section three hundred eighty-s of this article resulted in the transmission or provision to a consumer reporting agency of information that would otherwise not have been transmitted or provided, and any consumer reporting agency or user of information who or which willfully and knowingly fails to comply with any requirement imposed under this article with respect to any consumer is liable to that consumer in an amount equal to the sum of:

(a) Any actual damages sustained by the consumer as a result of such failure or as a result of a violation of section three hundred eighty-s of this article;

(b) Such amount of punitive damages as the court may allow; and

(c) In the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

48.   GBL § 380-m provides,

Any consumer reporting agency or user of information who or which is negligent in failing to comply with any requirement imposed under this article with respect to any consumer is liable to that consumer in an amount equal to the sum of:
(a) Any actual damages sustained by the consumer as a result of the failure;
(b) In the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

49.   GBL § 380-j(a) provides, in pertinent part,

No consumer reporting agency shall report or maintain in the file on a consumer, information: ...
(3) which it has reason to know is inaccurate.

50.   GBL § 380-j(e) provides, in pertinent part,

[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to **assure maximum possible accuracy** of the information concerning the individual about whom the report relates." (emphasis added)

51.    GBL § 380-k(a) provides,

> Every consumer or reporting agency shall maintain reasonable procedures designed to avoid violations of sections three hundred eighty-b and three hundred eighty-j of this article....

52.    On numerous occasions, Equifax prepared a "consumer report" concerning the plaintiff in response to a credit application initiated by him.

53.    The "consumer reports" prepared by Equifax contained no credit information or credit history about the plaintiff and instead indicated that the plaintiff had no credit history and had no legitimate credit score.

54.    Despite having express knowledge that such "consumer reports" were so dramatically incomplete as to be inaccurate and misleading, Equifax readily sold them to third parties thereby misrepresenting the plaintiff's credit history and legitimate credit score.

55.    On each such instance, Equifax willfully and/or negligently reported information to third parties it knew, or reasonably should have known, was inaccurate, in violation of GBL § 380-j(a).

56.    On each such instance, Equifax willfully and/or negligently failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports it prepared and/or published pertaining to the plaintiff, in violation of GBL § 380-j(e).

57.     On each such instance, Equifax willfully and/or negligently failed to maintain reasonable procedures to avoid violation of GBL § 380-j, in violation of GBL § 380-k.

58.     Through plaintiff's numerous communications with Equifax, both by telephone and in writing, Equifax knew, or had sufficient reason to know, that when it prepared and sold a consumer report about plaintiff, the information it circulated was so incomplete as to be inaccurate and damaging to plaintiff. Nevertheless, Equifax took no steps to stop painting a false and damaging picture about plaintiff's credit history.

59.     As a direct and proximate result of Equifax' willful and/or negligent refusal to follow reasonable procedures to assure "maximum possible accuracy," as specifically mandated by the NYFCRA, plaintiff has suffered loss and damage including, but not limited to, financial loss, expenditure of time and resources, mental anguish, humiliation, embarrassment and emotional distress, entitling him to an award of actual damages in an amount to be determined by the trier of fact at trial plus statutory and punitive damages and attorneys' fees together with the costs of this action pursuant to GBL §§ 380-l and/or 380-m.

**THIRD CAUSE OF ACTION: Failure to Disclose the Plaintiff's File to Him in Violation of 15 USC § 1681g**

60.     The plaintiff repeats and realleges the foregoing paragraphs as though the same were set forth at length herein.

61.    15 USC § 1681g, entitled "Disclosures to consumers," provides, in

pertinent part:

> (a) Information on file; sources; report recipients. Every consumer reporting
> agency shall, upon request …clearly and accurately disclose to the
> consumer:
>
> (1) All information in the consumer's file at the time of the request…

62.    The plaintiff has repeatedly requested that the defendant provide his file to

him so that he could endeavor to mitigate the harm caused by its repeated failure

and refusal to supply his credit report to prospective creditors.

63.    Despite such requests, the defendant has failed and refused to disclose

the plaintiff's file to him.

64.    As a direct and proximate result of Equifax' willful and/or negligent refusal

to provide the plaintiff's file to him, as specifically mandated by the FCRA, plaintiff

has suffered loss and damage including, but not limited to, financial loss,

expenditure of time and resources, mental anguish, humiliation, embarrassment

and emotional distress, entitling him to an award of actual damages in amounts

to be determined by the trier of fact at trial plus statutory and punitive damages,

and attorneys' fees together with the costs of this action pursuant to 15 U.S.C. §§

1681n and/or 1681o.

**FOURTH CAUSE OF ACTION: Failure to Disclose the Plaintiff's File to Him
in Violation of GBL § 380-d**

65.    The plaintiff repeats and realleges the foregoing paragraphs as though the

same were set forth at length herein.

66.     GBL § 380-d, entitled "Disclosures to consumers," provides, in pertinent

part:

> Every consumer reporting agency shall, upon request and proper
> identification of any consumer, clearly and accurately disclose to the
> consumer:
>
> (1) all information in its files at the time of the request concerning
>     such consumer; and
>
> (2) the sources of the information...

67.     The plaintiff has repeatedly requested that the defendant provide his file to

him so that he could endeavor to mitigate the harm caused by its repeated failure

and refusal to supply his credit report to prospective creditors.

68.     Despite such requests, the defendant has failed and refused to disclose

the plaintiff's file to him.

69.     As a direct and proximate result of Equifax' willful and/or negligent refusal

to provide the plaintiff's file to him, as specifically mandated by the NYFCRA, the

plaintiff has suffered loss and damage including, but not limited to, financial loss,

expenditure of time and resources, mental anguish, humiliation, embarrassment

and emotional distress, entitling him to an award of actual damages in amounts

to be determined by the trier of fact at trial plus statutory and punitive damages,

and attorneys' fees together with the costs of this action pursuant to GBL §§ 380-

l and/or 380-m.

## **FIFTH CAUSE OF ACTION**: Permanent Injunction

70.    The plaintiff repeats and realleges the foregoing paragraphs as though the same were set forth at length herein.

71.    The defendant's continuing and ongoing failure to comply with GBL § 380-j and/or GBL § 380-d, will, unless restrained and enjoined, cause additional and further harm to the plaintiff.

72.    Accordingly, plaintiff is entitled to an injunction enjoining and restraining the defendant from failing to comply with its obligations under the NYFCRA.

**WHEREFORE**, the plaintiff demands that judgment be entered against Equifax for the following:

a) Actual damages, in an amount to be determined by the trier of fact, as provided for in as provided for in 15 U.S.C.§§ 1681n and/or 1681o(2) and/or GBL §§ 380-l(a) and/or 380-m(a);

b) Punitive damages as provided for in 15 U.S.C. § 1681n(2) and/or GBL § 380-l(b);

c) Statutory damages as provided for in 15 U.S.C. § 1681n(2);

d) Costs and attorneys' fees as provided for in 15 U.S.C. §§ 1681n(3) and/or 1681o (2), and/or GBL §§ 380-l(c) and/or 380-m(b); and

e) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

The plaintiff respectfully demands a trial by jury.

Dated:      New York, New York
            April 10, 2014

                              Respectfully Submitted,

                              _____
                              **JAMES B. FISHMAN** (JBF-8998)
                              **SUSAN K. CRUMILLER** (SC-9547)
                              FISHMAN & MALLON, LLP
                              305 Broadway, Suite 900
                              New York, NY 10007
                              (212) 897-5840
                              Attorneys for the Plaintiff
                              www.nyctenantslaw.com